**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HONEYWELL INTERNATIONAL, INC., a Delaware Corporation,

        Plaintiff,

v.

LUTZ ROOFING COMPANY, INC., a Michigan Corporation,

        Defendant.

                                       /

CASE NO. 08-13311

HON. MARIANNE O. BATTANI

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Before the Court are Defendant's Motion for Judgment on the Pleadings (Doc. No. 6), and Plaintiff's Cross-Motion for Summary Judgment (Doc. No. 8). The Court heard oral argument on January 13, 2009, and for the reasons that follow, the Court **DENIES** Defendant's Motion for Judgment on the Pleadings and **GRANTS** Plaintiff's Cross-Motion for Summary Judgment.

**I. FACTS**

Plaintiff Honeywell International, Inc. (Honeywell) alleges that Defendant Lutz Roofing, Inc. (Lutz) is responsible for indemnifying and defending Honeywell on claims arising out of on-the-job injuries suffered by one of Lutz's employees, Geraldo Galvan ("Mr. Galvan"). The relevant facts follow.

Honeywell and Algonac Community schools entered into a contract for an energy upgrade at Algonac High School on June 8, 2004. Honeywell subcontracted with Lutz for

the roofing work.  See Pl.'s Ex. A.  Pursuant to the subcontract, Lutz agreed to take reasonable steps to protect the safety of its employees.  Specifically, it agreed to implement appropriate safety measures on its work at the site, including establishing "safety rules, posting applicable warnings and notices, erecting safety barriers, and establishing proper notice procedures to protect persons and property at the site and adjacent thereto from injury, loss, or damages."  Id., at § 8.19.

In addition, Lutz agreed to indemnify Honeywell from claims of "every kind and nature" arising from "the execution of the subcontract work by the subcontractor. . .to the extent such claims. . .result from or arise from Lutz's negligence."  Pl.'s Ex. A § 10. Separately, Lutz agreed to maintain sufficient commercial general liability insurance for its operations at the site and to deliver a certificate of insurance to Honeywell naming it as an additional insured under the policy.  Id. § 9.

In July 2004, Mr. Galvan fell off the roof of Algonac High School.  He received a $120,000 settlement from his former employer's workers compensation insurer.  In May 2007, Galvan and his wife (hereinafter "the Galvans") filed suit against Honeywell and its on-site supervisor, claiming damages for personal injuries arising out of Honeywell's failure to take reasonable safety precautions.  See Case No. 07-12670 (the "underlying action"). In that case, Honeywell unsuccessfully sought leave to add Lutz and its insurer as third-party defendants.  Honeywell subsequently filed Notice of Nonparty Fault, naming Lutz as a nonparty at fault for injuries suffered by Mr. Galvan.

In this lawsuit, Honeywell asks the Court for a Declaratory Judgment that Lutz is obligated to defend and indemnify Honeywell pursuant to the subcontract (Count I); that Lutz breached its obligation to indemnify and defend Honeywell in the underlying action

(Count II), that Lutz breached its obligation to insure Honeywell (Count III), and that Lutz breached its obligation to indemnify under the terms of the insurance policy (Count IV).

## II. STANDARD OF REVIEW

Rule 12(c) provides that "[a]fter the pleadings are closed but --early enough not to delay trial--a party may move for judgment on the pleadings. FED R. CIV. P. 12 (c). The procedural rules also require that the motion be treated as one for summary judgment when "matters outside the pleadings are presented to and not excluded by the court." Id.

The duty of the court when considering a motion for judgment on the pleadings is to "view all inferences to be drawn from the underlying facts in the light most favorable to the nonmoving party." Burchett v. Kiefer, 310 F.3d 937 (6th Cir. 2002).

Rule 56(c) states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact if there is no factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). In other words, the movant must show that it would prevail on the issue even if all factual disputes are conceded to the nonmovant. Additionally, for the purposes of deciding on a motion for summary judgment, a court must draw all inferences from those facts in the light most favorable to the nonmovant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**III.   ANALYSIS**

The parties' motions raise three issues. First, whether the doctrine of collateral estoppel bars Honeywell from litigating Lutz's duty to identify. Second, whether the indemnify agreement applies, given the underlying dispute. Third, whether Lutz's duty to provide insurance protects Honeywell from liability arising out of Lutz's operations. Because the Court has issued an opinion in the underlying action, finding that the Galvans' claims against Honeywell fail as a matter of law, several of the arguments raised by the parties no longer require a detailed discussion.

**A.   Collateral Estoppel**

The parties dispute whether the doctrine of collateral estoppel prevents Honeywell from litigating this claim. Three elements must be satisfied to apply the doctrine. First, a question of fact essential to the judgment actually must have been litigated and determined by a valid and final judgment. Monat v. State Farm Ins. Co., 677 N.W.2d 843 (Mich. 2004). Second, the same parties must have had a full and fair opportunity to litigate the issue. Id. Third, mutuality of estoppel is generally required. Id.

When Lutz filed its motion, the merits of the underlying action had not been decided. Lutz claims that the issue of Honeywell's negligence and the availability of indemnification in the underlying action was raised and argued before the magistrate judge when Honeywell sought leave to add Lutz as a third-party defendant. Honeywell sought leave based on its contention that Lutz would be required to indemnify and defend Honeywell pursuant to the subcontract. Lutz concludes that Honeywell therefore should be precluded from litigating the indemnity issue in this suit. The Court disagrees.

Without question, when the magistrate judge addressed the motion to add Lutz in the underlying action, he considered the indemnity issue. He did not render a final determination on the issue. Moreover, since this motion was filed, the Court has entered judgment in the underlying action. Contrary to Lutz's position, the Court has concluded that Honeywell was not liable for the injury to Mr. Galvan. The outcome in the underlying case undermines Lutz's argument and emphasizes the need for strict adherence to the elements identified in <u>Monat</u>. Accordingly, the Court denies judgment to Lutz on collateral estoppel grounds and directs its attention to whether Lutz has a duty to indemnify and/or defend Honeywell.

### B. Duty to Indemnify/Defend

The issue of the availability of indemnification is governed by parties' agreement, which contains an indemnification provision. Article 10 of the subcontract reads in relevant part as follows:

> to the fullest extent permitted by law, Subcontractor shall indemnify and hold harmless Customer, Honeywell. . .from claims, demands, causes of action and liabilities of every kind and nature, including reasonable attorney' fees, incurred in connection with the execution of the Subcontract work by the Subcontractor. . .or [its] employees to the extent such claim, demands, causes of action and liabilities result from or arise from the negligent act or willful misconduct of the Subcontractor. . .or employees. This Indemnification shall extend to claims occurring after this subcontract is terminated as well as while it is in force.

Def.'s Ex. A, Art. 10. In addition, the indemnification provision adds the following exclusion:

> **Subcontractor shall not be obligated to indemnify Customers, Honeywell, or Owner for claims arising from the negligence or willful misconduct of Customer, Honeywell**, or Owner. . .or caused by the designs and specifications provided by such parties.

Id. (emphasis added).[1]

Indemnity contracts are construed in accordance with the general rules for construction of contracts. Triple E v. Mastronardi, 530 N.W.2d 772 (Mich. Ct. App. 1995). Consequently, the indemnity provision at issue should be construed to effectuate the intentions of the parties. Courts determine the intent from the language of the provision itself, the parties' situation, and the circumstances surrounding the making of the contract. Id.; Sherman v. DeMaria Bldg. Co., 513 N.W.2d 187 (Mich. Ct. App. 1994).

Here, the Court finds that the agreement is unambiguous. Lutz is required to indemnify Honeywell for any claim that arises from the execution of the subcontract work to the extent that the claim arises from the "negligent act" of Lutz or Mr. Galvan. See Def.'s Ex. A, Art. 10. The Agreement requires fault on Lutz's part or Mr. Galvan's, and the phrase "to the extent" limits indemnity in proportion to their fault. Further, Lutz is not obligated to indemnify Honeywell for claims arising solely from Honeywell's own negligence. See MSI Constr. v. Corvo Iron, 527 N.W.2d 79 (Mich. Ct. App. 1995) (interpreting a similar provision-- one that required the subcontractor to indemnify the contractor "to the extent caused in whole or in any part by any negligent act or omission of the subcontractor," and finding that the language limited the extent of the subcontractor's liability to its own negligence).

Even though the language is clear and unambiguous, the parties disagree as to how it applies to the circumstances presented. The basis of their disagreement turns on the construction of the underlying complaint and whether the focus is on the source of the injury

---

[1] The exception comports with statutory language prohibiting a general contractor from indemnification for liability from damages "resulting form the sole negligence" of the general contractor on public policy grounds. See MICH. COMP. LAWS § 691.991.

or the apportionment of damages.

Lutz builds its argument on a strict reading of the underlying complaint and maintains the apportionment of damages is outcome determinative. Honeywell asks the Court to look beyond the allegations in the underlying complaint and to focus on the source of the injury. The Court addresses the merits below.

### 1. Nature of the underlying allegations

The Court first must assess what claims are being raised by the Galvans in the underlying action. Lutz concludes that the allegations make it clear that Honeywell is being sued for its own negligence. Honeywell had specific duties relative to job safety at the construction site and those duties were independent of any contractual duties agreed to by Lutz. Vicarious liability is not being pleaded in the underlying action.

As a matter of public policy in Michigan, the subcontractors on a job site have a duty to ensure the work site is safe for their employees, and the general contractor is not liable for a subcontractor's negligence. However, a general contractor may be found liable if it failed to take "reasonable steps within its supervisory and coordinating authority" to protect workers from "readily observable, avoidable dangers in common work areas which create a high degree of risk to a significant number of workmen." Funk v. Gen. Motors Corp., 220 N.W.2d 641 (Mich. 1974). Although Lutz is correct that Honeywell cannot be sued on a theory of vicarious liability, this legal principle does not necessarily foreclose Lutz's obligation to indemnify Honeywell because Honeywell is free to raise the negligence of other parties in its defense against the Galvans' lawsuit.

Therefore, the Court must consider the nature of the Galvans' claims against

Honeywell in the underlying action, and the factual backdrop, as well as Honeywell's defense. Under this approach, the Galvans' allegations that Honeywell alone was negligent are not necessarily dispositive of the duty to indemnify and duty to defend.

### 2.  Apportionment of fault/Source of injury

Michigan tort reform, enacted in 1994, requires a jury to apportion fault between Honeywell, a defendant in the underlying action, and Lutz, a nonparty at fault in the underlying action. According to Lutz, under the doctrine of comparative negligence, if it is found to be 100% at fault for the accident, Honeywell has a complete defense to the Galvans' claims. Ormsby v. Capital Welding, 660 N.W.2d 730, 744-46 (Mich. Ct. App. 2003), rev'd on other grounds, 684 N.W.2d 320 (Mich. 2004). The subcontract agreement likewise only requires Lutz to indemnify Honeywell in proportion to Lutz's fault. In sum, to the extent that comparative negligence is applied, any damages assessed against Honeywell would be due to its sole negligence.

In contrast, Honeywell urges the Court to look to the source of the injury, rather than the portion of damages attributable to Honeywell. Although the Galvans proceed against Honeywell alone, there is no dispute that the contract between Honeywell and Lutz placed the responsibility for safety measures relative to roofing on Lutz. Freedom from all fault is not required for a recovery on the basis of contractual indemnity. Chrysler Corp. v. Skyline Indus. Servs. Inc., 528 N.W. 2d 698 (Mich. 1995). Here, for example, the injury suffered by Mr. Galvan could be due, in part, to his own negligence or negligence by Lutz. Accordingly, even if the Court had found Honeywell solely negligent on the facts, and therefore contractually barred from indemnification, Lutz would owe Honeywell a duty to

defend under the circumstances presented. See Turner Constr. Co. v. Robert Carter Corp., No. 9701394 1998 WL 553009 at *6 (6th Cir. Aug. 17, 1998) (observing that even if the general contractor were sued as the sole defendant based on an accident at the construction site, the subcontractor would owe the duty to defend even if it had no duty to indemnify because the jury could conclude that the subcontractor or the plaintiff was comparatively negligent) (citing American Bumper & Mfg. Co. v. Hartford Fire Ins. Co., 550 N.W. 2d 475 (Mich. 1996)).

In Walbridge Aldinger v. Walcon, 525 N.W.2d 489, 492 (Mich. Ct. App. 1995), the appellate court construed a similar indemnification provision and applied it to similar circumstances. Although the general contractor was sued for its own negligence, the state court concluded that the exclusion of indemnification for the general contractor's own breach of duty did not apply absent the actual establishment of a breach of duty by the general contractor.   Id.   The Court finds this decision persuasive, and Lutz has failed to distinguish this case.

In light of the Court's award of summary judgment to Honeywell on the claims raised by the Galvans, Lutz cannot show that the general contractor breached its own duty. Because there has been no breach of duty by Honeywell, the indemnification exclusion is inapplicable. See Walbridge Aldinger, 525 N.W. 2d at 492 (reversing an award of summary judgment to subcontractor based on finding that the settlement of the primary action did not establish a breach of duty by the general contractor because settlement "merely admitted the existence of a dispute and the payment of money to get rid of the controversy"). Therefore, Lutz is not entitled to a judgment; Lutz owes Honeywell a duty to defend in the

underlying action.  See Turner Constr. Co. v . Robert Carter Corp., 1998 WL 553009 at *6.

### C.  Duty to provide insurance coverage

Lastly, Lutz asks the Court for summary judgment on Counts III and IV of the Complaint, wherein Honeywell alleges that Lutz failed to obtain the required liability insurance and that it failed to pay over sums under the policy to Honeywell.  The record shows that Lutz agreed to provide Honeywell with insurance coverage for the roofing operations.  Specifically, Lutz agreed to maintain sufficient Commercial General Liability insurance for its operations at the site and to deliver a certificate of insurance to Honeywell naming it as an additional insured under the policy.  See  Art. 9.  The applicable provision reads: "Subcontractor shall, procure and maintain insurance on **all of its operations,** including the following minimum coverages per occurrence:

> a.  Workers' Compensation --Statutory
> Employer's liability insurance--$1,000,000;
>
> **b.  Comprehensive General Liability or Commercial General Liability insurance covering all operations ($5,000,000).**
>
> c.  Automobile liability insurance, including coverage for all owned, hired and non-owned automobiles ($5,000,000).
>
> All insurance coverages shall be occurrence coverage and shall apply for the duration of the Subcontract Work.  **Subcontractor shall name Honeywell,. . .as additional insured under the General Liability policy** and provide Honeywell with Certificates of Insurance before the project commences.

Def.'s Ex. A, Art. 9 (emphasis added).  Lutz delivered a certificate of insurance extending liability coverage to Honeywell.  Nevertheless, Lutz's insurer has denied coverage to Honeywell, asserting it has no obligation to cover.

Although Lutz is not required to maintain insurance on Honeywell's operations, it did

have to obtain a comprehensive general liability policy covering all operations. The Court finds that this refers to the antecedent "its operations." Art. 9 of the policy required Lutz to name Honeywell as an "additional insured" under the comprehensive general liability policy insuring Lutz's operations. Lutz asserts that even if it did breach its obligation to insure Honeywell, no damage resulted because the Galvans sued Honeywell based on Honeywell's negligent conduct. The Court disagrees.

Mr. Galvan was injured while engaged in roofing activities, which surely fall within in the course of Lutz's operations. Moreover, the Court already has found that Honeywell is not liable to the Galvans in the underlying litigation. Therefore, Lutz is not entitled to judgment on Counts III and IV of the complaint.

## IV.   CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion for Judgment on the Pleadings and **GRANTS** Defendant's Cross-Motion for Summary Judgment.

**IT IS SO ORDERED.**

        s/Marianne O. Battani
        MARIANNE O. BATTANI
        UNITED STATES DISTRICT JUDGE

Date:  June 8, 2009

## CERTIFICATE OF SERVICE

A copy of this Order was mailed and/or electronically filed to counsel of record on this date.

        s/Bernadette M. Thebolt
        Deputy Clerk