UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HONEYWELL INTERNATIONAL, INC., a Delaware Corporation,

        Plaintiff,

v.

LUTZ ROOFING COMPANY, INC., a Michigan Corporation,

        Defendant.
_____/

CASE NO. 08-13311

HON. MARIANNE O. BATTANI

## ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

Before the Court is Defendant's Motion for Reconsideration of the Court's order denying its motion for judgment on the pleadings and granting Plaintiff's cross-motion for summary judgment. For the reasons that follow, the Court **DENIES** Defendant's motion.

## I. PROCEDURAL HISTORY AND FACTS

When this Court granted Plaintiff Honeywell International, Inc.'s (Honeywell) Cross-Motion for Summary Judgment, it held that Defendant Lutz Roofing, Inc. (Lutz) was responsible for indemnifying and defending Honeywell on claims arising out of on-the-job injuries suffered by one of Lutz's employees, Geraldo Galvan (Galvan). The Court based its decision on the parties' indemnification agreement. It reads in relevant part as follows:

> To the fullest extent permitted by law, [Lutz] shall indemnify and hold harmless Customer, Honeywell and Owner and their agents and employees from claims, demands, causes of actions and liabilities of every kind and nature, including reasonable attorneys' fees, incurred in connection with the execution of the Subcontract work by the subcontractor, it subcontractors, agents or employees **to the extent such claims, demands, causes of actions and liabilities result from or arise from the negligent act or wilful misconduct of the Subcontractor, its subcontractors, agents or**

> **employees**. This Indemnification shall extend to claims occurring after this Subcontract is terminated as well while it is in force. **Subcontractor shall not be obligated to indemnify Customer, Honeywell, or Owner for claims arising from the negligence or willful misconduct of Customer, Honeywell, or Owner or their agents or employees**; or caused by the design and specifications provided by such parties. The indemnity set forth in this Section shall not be limited by insurance requirements or by any other provisions of this Subcontract.

See Honeywell Automation and Control Solutions Subcontract Agreement § 10. Separately, Lutz agreed to maintain sufficient commercial general liability insurance for its operations at the site and to deliver a certificate of insurance to Honeywell naming it as an additional insured under the policy. Id. § 9.

After Galvan was injured while working, he filed suit against Honeywell and its on-site supervisor, claiming damages for personal injuries arising out of Honeywell's failure to take reasonable safety precautions. See Case No. 07-12670 (the "underlying action"). The Court held that Lutz was obligated to defend and indemnify Honeywell pursuant to the subcontract.

In its request for reconsideration, Lutz maintains that the Court erred in finding the indemnification agreement applied because the claim required fault on its part. In the underlying case, there was no allegation that Lutz was negligent. Therefore, Lutz asks the Court to reconsider its finding and hold that Lutz has no duty to indemnify/defend Honeywell.

## II.    STANDARD OF REVIEW

Pursuant to Rule 7.1(g)(3) of the Local Rules for the Eastern District of Michigan, a motion "for rehearing or reconsideration that merely presents the same issues ruled upon

by the court, either expressly or by reasonable implication," will not be granted. Czajkowski v. Tindall & Assoc., P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997). To that end, a party moving for reconsideration bears a heavy burden. Wrench LLC v. Taco Bell Corp., 36 F.Supp.2d 787, 789 (W.D. Mich.1998). In order to prevail, the movant must demonstrate: (1) the Court and the parties have been misled by a palpable defect, and (2) the correction of that defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is an error which is obvious, clear, unmistakable, manifest or plain. Fleck v. Titan Tire Corp., 177 F. Supp.2d 605, 624 (E.D. Mich. 2001); Marketing Displays, Inc. v. Traffix Devices, Inc., 971 F. Supp. 262, 278 (E.D. Mich. 1997) (citation omitted).

### III. ANALYSIS

In responding to Honeywell's cross-motion, Lutz focused the Court's attention on the pleadings in the underlying case. Lutz argued that because Galvan's claims against Honeywell were not grounded in vicarious liability, the indemnification agreement did not apply. In sum, Lutz never agreed to indemnify Honeywell for Honeywell's own negligence.

The Court agrees. In finding against Lutz, the Court looked beyond the pleadings to assess the nature of the claims raised in the underlying action, which implicated breaches of contractual obligations for safety assumed by Lutz, but attributed solely to Honeywell. See Subcontract Agreement §§ 8.14.1(a), 8.14(3), 8.19. The Court awarded summary judgment to Honeywell in the underlying case. Thereafter, the Court concluded that the outcome in the underlying case provided a sufficient basis to deny Lutz's request for judgment on the pleadings and award

summary judgment to Lutz in the instant case.

In its request for reconsideration, Lutz distinguishes the cases upon which the Court relied in rejecting the argument that the complaint in the underlying case controlled the indemnity issue. According to Lutz, because the indemnification provision at issue here requires fault on the part of Lutz and indemnification in proportion to that fault, it is not analogous to an agreement that merely requires "that the injury occurred "while working" to trigger indemnity. See Lutz's Brief In support of Motion for Reconsideration at 4.

The Court has read the cases cited in Defendant's motion and carefully considered the various formulations of the indemnity agreements interpreted by the state courts in those case as well as the applicability of the reasoning to the matter at hand. The Court finds that the standard for reconsideration is not met. Although the Court agrees that there is a difference between fault-based indemnity and indemnity based on a mere connection to the work, in this case the difference does not require another outcome.

For example, the Court relied on Walbridge Aldinger v. Walcon, 525 N.W.2d 489, 492 (Mich. Ct. App. 1995), which construed an indemnification agreement that did not require fault by the subcontractor, for support that an exclusion of indemnification for the general contractor's own breach of duty cannot be applied based on mere reference to pleadings or supposition. In its motion for reconsideration, Lutz argues that the fact that the indemnity agreement did not assess fault, provided the injury arose in connection with the work, as a reason to alter this Court's decision.

4

Lutz directs the Court to another case, Fischbach-Natkine Co. v. Power Process Piping, Inc., 403 N.W. 2d 569 (Mich. Ct. App. 1987), that addressed the same "arising out of or resulting from or in any way connected with the work" language. The state appellate court held that "the parties intended that the [general contractor] be indemnified for damages or injures caused by its own negligence" as long as it was not solely negligent. Fault by the subcontractor was not relevant to the court's discussion.

In considering the arguments raised in this motion, the Court is mindful that indemnity contracts are construed in accordance with the general rules for construction of contracts. Zahn v. Kroger Co., 764 N.W.2d 207 (Mich. 2009). Consequently, this Court construes the indemnity provision to effectuate the intentions of the parties. Courts determine the intent from the language of the provision itself, the parties' situation, and the circumstances surrounding the making of the contract. Sherman v. DeMaria Bldg. Co., 513 N.W.2d 187 (Mich. Ct. App. 1994).

Here, the Court finds that the agreement is unambiguous. Lutz is required to indemnify Honeywell "to the fullest extent permitted by law" from any claim or liability that arises from the execution of the subcontract work "to the extent that the claim arises from the "negligent act" of Lutz or Galvan. See Subcontract, § 10. The subcontract contains no obligation for Lutz to hold Honeywell harmless on a claim arising from Honeywell's own negligence. Id. The Agreement requires fault on Lutz's part or Galvan's, and the phrase "to the extent" limits indemnity in proportion to their fault. The cases cited in the motion for reconsideration do not absolve Lutz of its contractual duties. Further, the Court did not hold that the indemnity provision was

5

triggered merely because Lutz's employee was injured while working at the construction site.

As for the complaint in the underlying action, the Court is cognizant, as were the parties, that the Workers' Disability Compensation Act ("WCDA") prohibits Galvan from suing Lutz directly for negligence. Nevertheless, the Act does not operate to shield Lutz from the contractual obligation it undertook. To the extent that fault can be attributed to Galvan or Lutz relative to the negligence claim in the underlying complaint, the agreement clearly contemplates indemnity. The facts giving rise to Galvan's accident implicate himself, Lutz, and/or Honeywell. Despite Galvan's contentions in the underlying law suit, Honeywell has not been found to be at fault. The fact that Honeywell was not negligent leaves several possibilities: Lutz was negligent, or Galvan was negligent, or both were negligent. All possibilities require Lutz to indemnify Honeywell under the explicit language of the parties' agreement.

In sum, the Court does not disagree with Lutz that the indemnity provision requires fault on the part of the indemnitor or its employees. The Court does disagree with Lutz's reading. As this Court noted, once Honeywell was not liable as a matter of law in the underlying suit, liability fell to Galvan and/or Lutz. Therefore, the Court finds that Lutz has failed to carry its burden of proving a palpable defect that warrants reconsideration.

**IV.    CONCLUSION**

For the reasons stated above, the Court **DENIES** Defendant's Motion for Reconsideration.

**IT IS SO ORDERED.**

                                          s/Marianne O. Battani
                                          MARIANNE O. BATTANI
                                          UNITED STATES DISTRICT JUDGE

Date: November 16, 2009

**CERTIFICATE OF SERVICE**

Copies of this Order were mailed and/or electronically filed to counsel of record on this date.

                                          s/Bernadette M. Thebolt
                                          Case Manager